**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br>v.<br><br>MICHAEL FREDERICK STARYK, individually and doing business as MAGESTIC WORLD WIDE FINANCE (a/k/a MAGESTIC WW SOLUTIONS, a/k/a/ MAGESTIC WORLD WIDE SOLUTIONS),<br><br>Defendant,<br><br>YVONNE STEPHANIE SOLERTI-COTO, and GLOBAL FINANCIAL INSTITUTION LLC,<br><br>Relief Defendants. | Case No. 24-CV-1561 (OAW) |

**[PROPOSED] FINAL JUDGMENT BY DEFAULT, PERMANENT INJUNCTION, CIVIL MONETARY PENALTIES, AND OTHER STATUTORY AND EQUITABLE RELIEF AGAINST DEFENDANT MICHAEL FREDERICK STARYK**

On September 27, 2024, the Commodity Futures Trading Commission ("Commission" or "Plaintiff") filed a Complaint charging Defendant Michael Frederick Staryk with violating Sections 4c(b), 4*o*(1)(A) and (B), and 4m(1) of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 6c(b), 6*o*(1)(A), (B), and 6m(1); and Commission Regulation ("Regulation") 33.10, 17 C.F.R. § 33.10 (2024). (ECF No. 1, Complaint ("Compl.")).

On October 3, 2024, Defendant Staryk was properly served with a copy of the Summons and Complaint pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 4(e)(2)(A). (ECF No. 13.). Defendant Staryk failed to appear or answer the Complaint within the time permitted by Fed. R. Civ. P. 12(a)(1). Accordingly, the Commission filed a motion for the clerk

to enter Defendant Staryk's default and, on February 7, 2025, a Certificate of Default of Defendant Staryk was entered pursuant to Fed. R. Civ. P. 55(a). (ECF Nos. 20, 21).

The Commission has moved this Court to grant final judgment by default, order permanent injunctive relief, and impose restitution and a civil monetary penalty against Defendant Staryk.

The Court has carefully considered the Complaint, the allegations of which are well-pleaded and hereby taken as true, the Commission's memorandum of law and declaration filed in support of its motion, the record in this case, and the Court being otherwise advised in the premises, it is hereby:

**ORDERED** that the Plaintiff's Motion for Entry of Default Judgment as to Defendant Michael Frederick Staryk is **GRANTED.** Accordingly, the Court enters findings of fact, conclusions of law, and an Order of Final Judgment by Default for Permanent Injunction, Civil Monetary Penalties, and Other Statutory and Equitable Relief ("Order") pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, as set forth herein.

## I. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Findings of Fact

**The Parties**

1. Plaintiff Commodity Futures Trading Commission is an independent federal regulatory agency that is charged by Congress with the responsibility for enforcing the provisions of the Act, 7 U.S.C. §§ 1-26, and the Regulations promulgated thereunder, 17 C.F.R. Pt. 1-190 (2024). Compl. ¶ 18.

2. Defendant Michael Frederick Staryk is a resident of Sumterville, Florida. Staryk did business under the name of Magestic World Wide Finance (also known as Magestic WW Solutions or Magestic World Wide Solutions) ("Magestic World Wide"). Magestic World Wide

purported to do business and have places of business in Connecticut and the United Kingdom. Magestic World Wide has never been registered with the Commission. Compl. ¶¶ 19-20.

3. From 1990 until 1998, Defendant Staryk was registered as an Associated Person ("AP") of various registrants with the Commission. On February 7, 1995, the Commission charged Defendant Staryk with defrauding retail customers involving options on commodity futures contracts. After various proceedings, on December 4, 1998, an administrative law judge issued an order that, among other things, found that Defendant Staryk had engaged in fraud, imposed a civil monetary penalty ("CMP"), and ordered Defendant Staryk to cease and desist from violating Section 4c(b) of the Act, 7 U.S.C. § 6c(b), and all Regulations promulgated thereunder. In 2004, the Commission issued an order affirming in relevant part the 1998 Order, including findings of fraud and a cease-and-desist order. Compl. ¶ 21.

4. Relief Defendant Yvonne Stephanie Solerti-Coto is a resident of Connecticut. During the Relevant Period, Coto was the sole member, managing member, and registered agent of Global Financial Institution LLC, and was signatory on bank accounts in the name of Global Financial Institution LLC. Coto has never been registered with the Commission. Compl. ¶ 22.

5. Relief Defendant Global Financial Institution LLC ("Global Financial") is a Connecticut Limited Liability Company formed on September 27, 2021. According to its company filings in Connecticut, Global Financial had places of business in Wilton, Greenwich, and Norwalk, Connecticut. Global Financial has never been registered with the Commission. Compl. ¶ 23.

**Summary of the Scheme**

6. From at least 2021 through at least 2022 (the "Relevant Period"), Defendant Staryk and others engaged in a deceptive scheme in which they fraudulently solicited and obtained approximately $600,000 in funds from at least 26 clients based on false claims of past

performance and false promises of future profitable trading in commodity option transactions that were options on commodity futures contracts. But Staryk and others did not trade clients' funds in options on commodity futures contracts listed on U.S. designated contract markets, as promised. Instead, client funds were deceitfully obtained and misappropriated. Compl. ¶¶ 1, 2.

7. Defendant Staryk, directly and through others, provided clients with access to a website that provided fictitious account statements falsely purporting to show client funds' trades in options on commodity futures listed on Designated Contract Markets in the United States. Compl. ¶ 4.

8. Defendant Staryk, directly and through others, also falsely and misleadingly represented to clients that client funds would be controlled by U.S. or U.K. businesses, and concealed from clients that their funds would be moved from accounts at U.S. banks to banks outside the United States, including banks in Costa Rica. Compl. ¶ 4.

9. By this conduct, Defendant Staryk and others willfully, or with reckless disregard for the truth thereof, concealed material information and failed to disclose to clients that: (1) in truth, clients' funds were not used to trade options on commodity futures contracts, as promised; (2) in truth, there were no profits from trading; (3) in truth, client funds were misappropriated and sent to companies and individuals at their accounts in Costa Rican banks in Costa Rica and to companies and individuals at their accounts in U.S. banks in the United States; and (4) in truth, on the rare occasion that Defendant Staryk and others conveyed any funds at all back to a client, Defendant Staryk and others did so using other clients' funds in the manner of a Ponzi scheme. Compl. ¶ 5.

10. Defendant Staryk also misleadingly omitted from solicitations to clients that he had a history of fraud involving products such as options on commodity futures contracts, and

that the Commission had issued an order in 2004, *In re Michael F. Staryk*, CFTC No. 95-5, 2004 WL 1657544, (July 23, 2004) ("2004 Order"), finding that Defendant Staryk had engaged in fraud involving options on commodity futures contracts, revoking Defendant Staryk's registration, permanently prohibiting Defendant Staryk from trading, and imposing a cease-and-desist order and a CMP. Compl. ¶¶ 6-7.

11. In sum, Defendant Staryk and others under his direction never traded on behalf of their clients as promised. Instead, the funds were misappropriated for Defendant Staryk's own use and for use by others. Only a small fraction of clients' investments were returned, using other client funds in the manner of a Ponzi scheme. Compl. ¶¶ 9, 72-76.

12. In addition, without registering with the Commission, Defendant Staryk, individually and doing business as Magestic World Wide, directly and through others, for compensation or profit, engaged in the business of advising clients and prospective clients as to the value and advisability of trading in products such as options on commodity futures contracts. Compl. ¶ 3.

13. By this conduct, and the conduct further described herein, Defendant Staryk violated Sections 4c(b), 4*o*(1)(A) and (B), and 4m(1) of the Act, 7 U.S.C. §§ 6c(b), 6*o*(1)(A), (B), and 6m(1); and Regulation 33.10, 17 C.F.R. § 33.10 (2024). Compl. ¶¶ 12-13.

**Defendant Staryk's Fraudulent Conduct**

14. Defendant Staryk, and others at his direction, typically cold called prospective clients. As part of these solicitations, Defendant Staryk and others at his direction, represented to potential and actual clients that they were experienced traders who traded profitably in options on commodity futures contracts and worked for Magestic World Wide, which they represented was located in Connecticut and the United Kingdom. Compl. ¶¶ 25-28.

15. During the Relevant Period, Defendant Staryk and purported traders acting at his direction told prospective clients that they would open and manage accounts to trade options on commodity futures contracts on behalf of clients. Defendant Staryk and purported traders at his direction represented to prospective clients that their investments would grow in a short period of time. Clients were instructed to send funds to bank accounts under the name of Global Financial ("Global Financial Bank Accounts"). Defendant Staryk and others at his direction then solicited and convinced clients to make additional investments in options on commodity futures contracts. Compl. ¶¶ 10, 29-32, 36-37.

16. Defendant Staryk oversaw purported traders' solicitations of clients. For example, and throughout the scheme, Defendant Staryk advised purported traders what options on commodity futures contracts to solicit from clients, created and advised on the content of traders' communications with clients, including emails and a website, and answered client inquiries purportedly as an "industry expert." Compl. ¶ 34.

17. Defendant Staryk and others at his direction facilitated the fraudulent scheme by providing clients with Magestic World Wide's website address, an "account number," a username, and/or a password to purportedly access trading statements online at the Magestic World Wide website. Clients were also provided written materials styled as a "Company Report" ("Report") dated August 2021. Compl. ¶¶ 40-41, 43-44.

18. The website and the Report represented in sum and substance that Magestic World Wide was an "investment manager" with "a diversified portfolio of investments" that "specializ[ed] in the futures options markets," including "commodities and energy." They further represented that Magestic World Wide "managed" client investments "by a process of asset allocation and investment selection." Compl. ¶¶ 46-47.

19. The Report provided an "Industry Fact Sheet" describing the "Magestic Strategy," which called for "an investor with a time horizon of more than 20 years and minimal tolerance for risk." The Report also discussed the "Benefits of Investing" and shared Magestic World Wide's "Portfolio Performance." The Report, dated August 2021, claimed that Magestic World Wide's "defensive" investment portfolio had achieved annual returns of over 8% since its inception in May 2018. Compl. ¶ 48.

20. The Magestic World Wide website also provided clients with information about their purported trading, including trading statements. Clients also were provided information about their purported trading in the form of Transactions Summary, Active Purchases, Total Market Value, Deposits, and Earnings. Based on the information that clients were provided, clients typically understood that their investment had increased in value. Compl. ¶¶ 49, 51, 53.

21. In truth, Defendant Staryk's solicitations, purported account statements, and entities and bank accounts were rife with fraud and deceit. Defendant Staryk and the purported traders did not open, manage and/or trade individual accounts for clients, as promised. The trading statements reflected on the Magestic World Wide website were also false or misleading, as there was no trading, as described. Compl. ¶¶ 66, 74, 80.

22. Defendant Staryk's representation to clients by phone that he was an experienced trader with Magestic World Wide was also a false and misleading statement and omission. The representation that Magestic World Wide had a profitable track record of trading was also a false and misleading statement and omission. In truth, Magestic World Wide had no such track record. In truth, Magestic World Wide was merely a DBA for Defendant Staryk and was not registered with the relevant Connecticut or U.K. authorities. In truth, Staryk had a track record

of fraud, and the CFTC had prohibited Defendant Staryk from trading options on commodity futures contracts. Compl. ¶ 69.

23. Staryk and others at his direction used aliases to conceal their true identities from clients and prospective clients in communications such as phone calls. Compl. ¶ 71.

24. Instead of trading client funds, client funds were misappropriated, including by transfers from the Global Financial Bank Accounts to companies and individuals at their accounts in Costa Rican banks in Costa Rica where the funds were dissipated. Also, while not trading clients' funds as promised, Defendant Staryk received and used the misappropriated client funds for his own benefit. Specifically, during the Relevant Period, Defendant Staryk's agreement with others in the scheme was that he would receive approximately 20% of those misappropriated funds for his own benefit. Compl. ¶¶ 72, 81, 83.

25. When Magestic World Wide's clients attempted to withdraw funds from their purported trading accounts, Defendant Staryk and others took various steps to conceal the fraud, deception, and misappropriation. For example, a purported trader involved in the scheme told a client that the investment and trades "just didn't work out," and misleadingly told the client that the client could get funds back if the client made additional investments. The client received a withdrawal form, completed and returned it, but the client never received the purported balance remaining in their account. On the rare occasion a client received any funds back at all, it was a small amount and was made using other client funds in the manner of a Ponzi scheme. Compl. ¶¶ 5, 86, 87.

26. In or about late 2022, Defendant Staryk and others ceased communications with Magestic World Wide clients. In or around late 2022, the Magestic World Wide website was taken down. Compl. ¶¶ 88-89.

**Defendant Staryk's Guilty Plea**

27. On October 24, 2022, Defendant Staryk signed a plea agreement, which was filed in the Northern District of Texas on October 25, 2022, in *United States v. Staryk*, No. 3:22-cr-00409 (N.D. Tex). Defendant Staryk also signed a factual statement titled "Factual Resume" in support of the plea agreement (the "Resume"), which was also filed in the Northern District of Texas on October 25, 2022. On that same date, Defendant Staryk entered a plea of guilty to one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 371, 18 U.S.C. § 1343, which encompassed both the plea agreement and the Resume. Compl. ¶ 92.

28. In the Resume, which Defendant Staryk and his counsel signed, Defendant Staryk stipulated and agreed that he engaged in a scheme and artifice to defraud and to obtain money and property by means of materially false pretenses, representations, and promises, and through the concealment of material information from investors in a series of investment companies, including Global Financial and Magestic World Wide. Defendant Staryk further admitted that his role for each entity included, among other things, calling investor victims, soliciting investments, answering investor victim inquiries as the industry expert, advising co-conspirators what options to solicit, and accounting of investor victims' investments. Compl. ¶ 93.

**Defendant Staryk Acted as a Commodity Trading Advisor**

29. During the Relevant Period, Defendant Staryk acted as a commodity trading advisor ("CTA") by, for compensation or profit, engaging in the business of advising others, either directly or through publications, writings, or electronic media as to value of or the advisability of trading options on commodity futures contracts. Compl. ¶ 107.

30. Defendant Staryk made use of the mails or any means of interstate commerce in connection with his business as a CTA. Compl. ¶¶ 117.

**B. Conclusions of Law**

**Jurisdiction and Venue**

31. This Court has jurisdiction over this action under 28 U.S.C. § 1331 (codifying federal question jurisdiction) and 28 U.S.C. § 1345 (providing that district courts have original jurisdiction over civil actions commenced by the United States or by any agency expressly authorized to sue by Act of Congress). In addition, Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a), authorizes the Commission to seek injunctive relief or to enforce compliance with the Act, or any rule, regulation, or order thereunder from a proper U.S. District Court whenever it shall appear to the Commission that a person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act, or any rule, regulation, or order thereunder. Compl. ¶ 16.

32. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) because Defendant Staryk resides in this District, transacts or transacted business in this District, or certain transactions, acts, practices, and courses of business alleged against Defendant Staryk in this Complaint occurred, are occurring, or are about to occur within this District. Compl. ¶ 17.

**Options Fraud Violations**

33. By the conduct described above and in the Complaint, Defendant Staryk violated 7 U.S.C. § 6c(b) and 17 C.F.R. § 33.10 (2024) in that he, directly or directly, cheated or defrauded or attempted to cheat or defraud other persons; made or caused to be made to any other person any false report or statement thereof, or caused to be entered for any person any false record thereof; and deceived or attempted to deceive other persons in or in connection with an offer to enter into, the entry into, the confirmation of the execution of, or the maintenance of, any commodity option transaction, by, among other things: (i) falsely representing to clients that

he and/or purported traders would use their discretion to trade clients' funds in options on commodity futures contracts; (ii) falsely promising clients profits; (iii) providing clients with access to false or misleading trading statements that reflected fictitious trading; (iv) concealing and failing to disclose to clients that their funds were not used, as promised, to trade options on commodity futures contracts; (v) concealing and failing to disclose that there were no profits from trading and/or that he and/or purported traders could not promise returns and/or profits; (vi) enabling the misappropriation of client funds and arranging with others to receive a portion of those misappropriated client funds, and concealing and failing to disclose to clients that their funds were misappropriated; (vii) falsely representing to clients that their investments were controlled by Magestic World Wide and Global Financial, U.S. based businesses, at their Global Financial Bank Accounts at U.S. banks in the United States; (viii) failing to disclose to clients that their funds were transferred from the Global Financial Bank Accounts to companies and individuals at their accounts in Costa Rican banks in Costa Rica; and (ix) failing to disclose to clients the Commission's findings that he had previously defrauded clients, the substance and fact of the 1998 Order, and the substance and fact of the 2004 Order. Compl. ¶¶ 100, 101.

34. Defendant Staryk, individually and doing business as Magestic World Wide, directly and through others, engaged in the acts and practices described above and in the Complaint using instrumentalities of interstate commerce, including but not limited to phone, interstate wires for transfer of funds, a website, emails, and bank accounts (funds were sent to bank accounts in the United States and internationally). Compl. ¶ 102.

35. Defendant Staryk, individually and doing business as Magestic World Wide, directly and through others, engaged in the acts and practices described above and in the Complaint willfully or with reckless disregard for the truth. Compl. ¶ 103.

36. Each act of fraudulent solicitation, misappropriation, omission, and false statement or report by Defendant Staryk, individually and doing business as Magestic World Wide, directly or indirectly, is a separate and distinct violation by Defendant Staryk of 4c(b) of the Act, 7 U.S.C. § 6c(b) and Regulation 33.10, 17 C.F.R. § 33.10 (2024). Compl. ¶ 104.

**CTA Fraud Violations**

37. By the conduct described above and in the Complaint, Defendant Staryk violated 7 U.S.C. § 6*o*(1)(A) and (B), in that, by use of the mails or any means or instrumentality of interstate commerce, while acting as a CTA as defined in 7 U.S.C. § 1a(12), Defendant Staryk directly or indirectly employed a device, scheme, or artifice to defraud clients or prospective clients, or engaged in transactions, practices, or a course of business which operated as a fraud or deceit upon clients or prospective clients, directly and indirectly by, among other things: (i) falsely representing to clients, that he and/or purported traders would use their discretion to trade clients' funds in options on commodity futures contracts; (ii) falsely promising clients profits; (iii) providing clients with access to fake trading statements that reflected fictitious trading; (iv) concealing and failing to disclose to clients that their funds were not used, as promised, to trade options on commodity futures contracts; (v) concealing and failing to disclose that there were no profits from trading and/or that they could not promise returns and/or profits; (vi) enabling the misappropriation of client funds and arranging with others to receive a portion of those misappropriated client funds, and concealing and failing to disclose to clients that their funds were misappropriated; (vii) falsely representing to clients that their investments were controlled by Magestic World Wide and Global Financial, U.S. based businesses, at their Global Financial Bank Accounts at U.S. banks; (viii) failing to disclose to clients that their funds were transferred from the Global Financial Bank Accounts to companies and individuals at their

accounts in Costa Rica; and (ix) failing to disclose to clients the Commission's findings that he had previously defrauded clients, the substance and fact of the 1998 Order, and the substance and fact of the 2004 Order. Compl. ¶¶ 107-09.

38. Defendant Staryk, individually and doing business as Magestic World Wide, directly and through others, engaged in the acts and practices described above using instrumentalities of interstate commerce, including but not limited to phone, interstate wires for transfer of funds, a website, emails, bank accounts (funds were sent to bank accounts in the United States and internationally). Compl. ¶ 110.

39. Defendant Staryk, individually and doing business as Magestic World Wide, directly and through others, engaged in the acts and practices described above willfully or with reckless disregard for the truth. Compl. ¶ 111.

40. Each act of, while acting as a CTA, directly or indirectly, employing a device, scheme, or artifice to defraud clients or prospective clients, or engaging in transactions, practices, or a course of business which operated as a fraud or deceit upon clients or prospective clients, directly and/or through officers, employees, or agents, including, but not limited to, those specifically alleged herein, is a separate and distinct violation by Defendant Staryk of Section 4o(1)(A) and (B) of the Act, 7 U.S.C. § 6o(1)(A) and (B). Compl. ¶ 112.

**CTA Registration Violation**

41. By the conduct described above and in the Complaint, Defendant Staryk violated 7 U.S.C. § 6m(1) in that Defendant Staryk, individually and doing business as Magestic World Wide, directly and through others, for compensation or profit, engaged in the business of advising others, either directly or through publications, writings, or electronic media, as to the value of or the advisability of trading in commodity options, and making use of the mails or any

means of interstate commerce in connection with his business as a CTA, while failing to register with the Commission as a CTA. Compl. ¶¶ 116, 117.

## II. PERMANENT INJUNCTION

**IT IS HEREBY ORDERED THAT:**

42. Based upon and in connection with the foregoing conduct, pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, Defendant Staryk is permanently restrained, enjoined and prohibited from directly or indirectly:

a. cheating or defrauding or attempting to cheat or defraud any other person; making or causing to be made to any other person any false report or statement thereof or cause to be entered for any person any false record thereof; or deceiving or attempting to deceive any other person by any means whatsoever in or in connection with an offer to enter into, the entry into, the confirmation of the execution of, or the maintenance of, any commodity option transaction, which is of the character of, or is commonly known in the trade as, an "option," "bid," "offer," "put" or "call," in violation of 7 U.S.C. § 6c(b) and 17 C.F.R. § 33.10 (2024).

b. by use of the mails or any means of interstate commerce, directly or indirectly, employing any device, scheme, or artifice to defraud any client or participant or prospective client or participant; or engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or participant or prospective client or participant in violation of 7 U.S.C. § 6*o*(1)(A) and (B).

c. for compensation or profit, engaging in the business of advising others, either directly or through publications, writings, or electronic media, as to the value of or the advisability of trading in any contract of sale of a commodity for future delivery and/or trading in any commodity options, to make use of the mails or any means or instrumentality of interstate commerce in connection with his business as such CTA, while failing to register with the Commission in violation of 7 U.S.C. § 6m(1).

43. Defendant Staryk is also permanently restrained, enjoined and prohibited from directly or indirectly:

a. Trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(40) of the Act, 7 U.S.C. § 1a(40));

b. Entering into any transactions involving "commodity interests" (as that term is defined in Regulation 1.3, 17 C.F.R. § 1.3 (2024)), for his own personal account or for any account in which he has a direct or indirect interest;

c. Having any commodity interests traded on his behalf;

d. Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

e. Soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

f. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such

registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2024); and

g. Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2024)), agent or any other officer or employee of any person (as that term is defined in 7 U.S.C. § 1a(38)), registered, exempted from registration or required to be registered with the Commission except as provided for in 17 C.F.R. § 4.14(a)(9) (2024).

## III. RESTITUTION AND CIVIL MONETARY PENALTY

### A. Restitution

44. Defendant Staryk shall pay restitution in the amount of five hundred forty-seven thousand six hundred and sixteen dollars ($547,616) to the defrauded clients identified in Exhibit 3 of the Declaration of Michael Cazakoff in Support of Motion for Proposed Final Judgment by Default ("Restitution Obligation"). If the Restitution Obligation is not paid immediately, post-judgment interest shall accrue on the Restitution Obligation beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

45. However, this Court recognizes that in a related criminal action, entitled *United States v. Staryk*, No. 3:22-cr-00408 (N.D. Tex.) ("Criminal Action"), restitution was ordered to be paid to certain of the same clients defrauded in this matter. For restitution amounts paid and disbursed to clients in the Criminal Action, Defendant Staryk shall receive a dollar-for-dollar credit against the Restitution Obligation, as applicable, in this matter to those same clients. Within ten days of disbursement in the Criminal Action to Defendant Staryk's clients, Defendant Staryk shall, under a cover letter that identifies the name and docket number of this proceeding, transmit to the Chief Financial Officer, Commodity Futures Trading Commission,

Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581, and the Office of Administration, National Futures Association, 320 South Canal, Suite 2400, Chicago, IL 60606, copies of the form of payment to those clients.

46. To effect payment of the Restitution Obligation and the distribution of any restitution payments to Defendant Staryk's clients, the Court appoints the National Futures Association ("NFA") as Monitor ("Monitor"). The Monitor shall receive restitution payments from Defendant Staryk and make distributions as set forth below. Because the Monitor is acting as an officer of this Court in performing these services, the NFA shall not be liable for any action or inaction arising from NFA's appointment as Monitor, other than actions involving fraud.

47. Defendant Staryk shall make Restitution Obligation payments, and any post-judgment interest payments, under this Order to the Monitor in the name: "**MICHAEL FREDERICK STARYK–SETTLEMENT/RESTITUTION FUND**" and shall send such payments by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's check, or bank money order, to the Office of Administration, National Futures Association, 320 South Canal, Suite 2400, Chicago, IL 60606 under cover letter that identifies the paying Defendant Staryk and the name and docket number of this proceeding. Defendant Staryk shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

48. The Monitor shall oversee the Restitution Obligation and shall have the discretion to determine the manner of distribution of such funds in an equitable fashion to Defendant Staryk's clients identified by the Commission or may defer distribution until such time as the Monitor deems appropriate. In the event that the amount of Restitution Obligation payments to

the Monitor are of a *de minimis* nature such that the Monitor determines that the administrative cost of making a distribution to eligible clients is impractical, the Monitor may, in its discretion, treat such restitution payments as civil monetary penalty payments, which the Monitor shall forward to the Commission following the instructions for civil monetary penalty payments set forth in Part **III.B** below.

49. Defendant Staryk shall cooperate with the Monitor as appropriate to provide such information as the Monitor deems necessary and appropriate to identify Defendant Staryk's clients to whom the Monitor, in its sole discretion, may determine to include in any plan for distribution of any Restitution Obligation payments. Defendant Staryk shall execute any documents necessary to release funds that he has in any repository, bank, investment or other financial institution, wherever located, in order to make partial or total payment toward the Restitution Obligation.

50. The Monitor shall provide the Commission at the beginning of each calendar year with a report detailing the disbursement of funds to Defendant Staryk's clients during the previous year. The Monitor shall transmit this report under a cover letter that identifies the name and docket number of this proceeding to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

51. The amounts payable to each of Defendant Staryk's clients shall not limit the ability of any of Defendant Staryk's clients from proving that a greater amount is owed from Defendant Staryk or any other person or entity, and nothing herein shall be construed in any way to limit or abridge the rights of any of Defendant Staryk's clients that exist under state or common law.

52. Pursuant to Rule 71 of the Federal Rules of Civil Procedure, each client of Defendant Staryk who suffered a loss is explicitly made an intended third-party beneficiary of this Order and may seek to enforce obedience of this Order to obtain satisfaction of any portion of the restitution that has not been paid by Defendant Staryk to ensure continued compliance with any provision of this Order and to hold Defendant Staryk in contempt for any violations of any provision of this Order.

53. To the extent that any funds accrue to the U.S. Treasury for satisfaction of Defendant Staryk's Restitution Obligation, such funds shall be transferred to the Monitor for disbursement in accordance with the procedures set forth above.

**B. Civil Monetary Penalty**

54. Pursuant to 7 U.S.C. § 13a–1(d)(1)(A), Defendant Staryk shall pay a civil monetary penalty ("CMP') in the amount of **five million nine hundred and seven thousand, seven hundred and twenty dollars ($5,907,720)** ("CMP Obligation").

55. If Defendant Staryk's CMP Obligation is not paid immediately, then post-judgment interest shall accrue on the CMP Obligation beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961 (2018).

56. Defendant Staryk shall pay the CMP Obligation and any post-judgment interest, by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

MMAC/ESC/AMK326
Commodity Futures Trading Commission
Division of Enforcement
6500 S. MacArthur Blvd.
HQ Room 266
Oklahoma City, OK 73169
9-AMC-AR-CFTC@faa.gov

If payment by electronic funds transfer is chosen, Defendant Staryk shall contact the Commodity Futures Trading Commission at the address above to receive payment instructions, and he shall fully comply with those instructions. Defendant Staryk shall accompany payment of the CMP obligations with a cover letter that identifies his name and the name and docket number of this proceeding. Defendant Staryk shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

**C. Provisions Related to Monetary Sanctions**

57. Partial Satisfaction: Acceptance by the Commission/CFTC or the Monitor of any partial payment of Defendant Staryk's Restitution Obligation or CMP Obligation shall not be deemed a waiver of their obligation to make further payments pursuant to this Order, or a waiver of the Commission/CFTC's right to seek to compel payment of any remaining balance.

## IV. MISCELLANEOUS PROVISIONS

58. Until such time as Defendant Staryk satisfies in full the Restitution and CMP Obligations under this Order, upon the commencement by or against Defendant Staryk of insolvency, receivership or bankruptcy proceedings, or any other proceedings for the settlement of any of Defendant Staryk's debts, all notices to creditors required to be furnished to the Commission under Title 11 of the United States Code or other applicable law with respect to such insolvency, receivership bankruptcy or other proceedings, shall be sent to the address below:

Secretary of the Commission
Office of the General Counsel
Commodity Futures Trading Commission
Three Lafayette Centre
1155 21st Street NW
Washington, D.C. 20581

59. Notice: All notices required to be given by any provision in this Order shall be sent certified mail, return receipt requested, as follows:

Notice to Commission:

Manal Sultan, Deputy Director
Division of Enforcement
Commodity Futures Trading Commission
290 Broadway, 6th Floor
New York, New York 10007

Notice to Defendant Staryk:

Michael Frederick Staryk
FCI Coleman Low
846 NE 54th Terrace
Sumterville, FL 33521
Register Number: 10128-510

Notice to NFA:

National Futures Association
320 South Canal, Suite 2400
Chicago, IL 60606

All such notices to the Commission or the NFA shall reference the name and docket number of this action.

60. Change of Address/Phone: Until such time as Defendant Staryk satisfies in full the Restitution Obligation and the CMP Obligation as set forth in this Order, Defendant Staryk shall provide written notice to the Commission by certified mail of any change to his telephone numbers and mailing addresses within ten calendar days of the change.

61. Invalidation: If any provision of this Order or if the application of any provision or circumstance is held invalid, then the remainder of this Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

62. Continuing Jurisdiction of this Court: This court shall retain jurisdiction of this action to ensure compliance with this Order and for all other purposes related to this action, including any motion by Defendant Staryk to modify or for relief from the terms of this Order.

63. Injunctive and Equitable Relief Provisions: The injunctive and equitable relief provisions of this Order shall be binding upon Defendant Staryk, upon any person under the authority or control of any of Defendant Staryk, and upon any person who receives actual notice of this Order, by personal service, e-mail, facsimile or otherwise insofar as he or she is acting in active concert or participation with Defendant Staryk.

There being no just reason for delay, the Clerk of the Court is hereby ordered to enter this *Order for Final Judgment by Default, Permanent Injunction, Civil Monetary Penalties, and Other Statutory and Equitable Relief Against Defendant Michael Frederick Staryk* forthwith and without further notice.

**IT IS SO ORDERED** on this 14th day of September, 2026.

Omar A. Williams Digitally signed by Omar A. Williams Date: 2026.09.14 14:31:21 -04'00'

**UNITED STATES DISTRICT JUDGE**